Henry G-. Smith, J.,
delivered the opinion of the Court.
This is a bill in Chancery, by Perkins against Williams. The pleadings and proofs show the following facts:
Perkins bought, from Williams, 73 acres of land, and gave her therefor his note for $300, payable at a future day, and took from her a deed of conveyance *513 in fee simple, with covenants of seizin, general warranty, and against incumbrances, and was put into possession.
Williams bad no title commensurate with tbe requirements of ber deed, and did not therefore, vest in Perkins tbe estate and title which tbe deed purported to convey.
Tbe pecuniary condition of Williams at tbe time, was nearly or quite insolvent, and so continues to be, which was known to Perkins.
At tbe time of bis purchase, Perkins was informed of tbe defective character of Williams’ title. No fraud was practised upon him in tbe transaction.
Tbe object and prayer of Perkins’ bill, is to rescind tbe sale, and to have bis note cancelled and delivered to him.
Upon these facts, it may be taken as true, that tbe covenant of seizin is broken, and that Williams may maintain an action at law for tbe breach, and recover damages to some extent.
Tbe covenant of seizin embraces a defect of title, constituting want of seizin in tbe covenantor, although such defect of title was known to tbe covenantee, at tbe time of tbe making of the covenant. Tbe knowledge by tbe covenantee, of such defect, will not bar bis action at law, for a breach of tbe covenant. See Authorities collected in American Notes, to Wallam vs. Hearn; 2 Lead. Eq. Cases; also Rawle on Covenants, etc., ch. 13, and pages 686, 687, id. ib., 128, etc., 3d edition.
Equity, however, will not give its aid to tbe cove- *514 nantee in sucb case, to rescind the sale, and debar the collection of the .purchase money. It cannot be tolerated, that the party shall make the purchase, execute his note for the price, receive a deed of conveyance, and obtain possession; and forthwith turn around, invoke and obtain the aid of equity to rescind the trade, cancel the deed, and annul his note, even though the vendor be insolvent. In such case, the vendee will be left to such remedy as he can obtain at law, by action for the breach of the covenant. See Rawle on Covenants, ch. 13, page 685, 686, 3d Edition.
Dismiss the bill at complainants’ cost.